UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LOUIE AUSTIN,

               Plaintiff,               Case No. 1:07-CV-616

v.                                          Honorable Richard Alan Enslen

CORRECTIONAL MEDICAL
SERVICES, INC., *et al.*,

               Defendants.
_____/

**OPINION**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. On September 26, 2008, the Court granted in part and denied in part Defendants' motions to dismiss and for summary judgment on the issue of exhaustion. The Court dismissed all claims against Defendants with the exception of those claims (asserted in Grievance No. MCF-05-04-00331122) that, from February 22, 2005 through May 2, 2006, Defendants denied Plaintiff appropriate medical treatment in violation of the Eighth Amendment. The matter is now before the Court on two motions: (1) Defendant Correctional Medical Services, Inc.; Raymond Gelabert, M.D.; Robert Migliorimo, M.D.; William Nelson, M.D.; Krishn Mohan, M.D.; Kent Filsinger, P.A.; and Donna Rohrs, P.A.'s Motion for Reconsideration Pursuant to W.D. MICH. L.CIV.R. 7.4, and (2) Plaintiff Louie Austin's Motion for Reconsideration Pursuant to W.D. MICH. L.CIV.R. 7.4.

I.

Under the local rules, a motion for reconsideration may not present the same issue ruled upon. W.D. MICH. LCIVR 7.4(a). The movant must demonstrate a palpable defect by which the

court has been misled and that a different disposition of the case must result from a correction thereof. *Id.*

      A.     <u>Defendants' Motion for Reconsideration</u>

As the Court fully discussed in its September 26, 2008 Opinion, a prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit Court of Appeals repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *Cockrel*, 270 F.2d at 1056 (same).

Here, Defendants rejected Grievance No. MCF-05-05-00372-12d as being duplicative of Grievance No. MCF-05-04-00331122. They attached to their motion for summary judgment a copy of the Step I decision in Grievance No. MCF-05-04-00331122, but they made no argument

concerning the sufficiency of that grievance and made no representation as to whether Plaintiff had exhausted the grievance through all three steps of the administrative process. As a result, the Court concluded that Defendants had failed to meet their burden to plead and prove that Plaintiff had failed to properly exhaust Grievance No. MCF-05-04-00331122.

Defendants now seek reconsideration and have supplied the affidavit of James Armstrong, Manager of the Grievance and Appeals Section of the Michigan Department of Correction, who avers that Plaintiff did not pursue Grievance No. MCF-05-04-00331122 beyond Step I of the grievance process. Plaintiff has not produced any conflicting evidence. As a result, the Court concludes that Defendants have met their burden of demonstrating that Plaintiff did not properly exhaust the grievance. Defendants' Motion for Reconsideration therefore will be granted.

B.  Plaintiff's Motion for Reconsideration

In his Motion for Reconsideration, Plaintiff argues the Court committed palpable error in concluding that Grievance No. MCF-05-05-00372-12d was not properly exhausted. Plaintiff argues that he pursued his grievance through all three steps of the grievance process and that the grievance process therefore was completed in compliance with the policy.

Contrary to Plaintiff's assertions, however, the Supreme Court squarely has held that "the PLRA exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (emphasis added). Thus, in order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 127 S. Ct. at 922-23; *Woodford*, 548 U.S. at 90-91. "Compliance with prison grievance procedures . . . is . . . required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

As the Court fully discussed in its September 26, 2008 Opinion, in interpreting the exhaustion requirement of the PLRA, it is appropriate to look for guidance to the substantively similar exhaustion rules applicable in habeas cases. *Woodford*, 548 U.S. at 88. In the habeas corpus context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Id.* Applying the procedural default concept to § 1997e(a), an inmate's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005); *Spruill v. Gillis*, 372 F.3d 218, 222 (3rd Cir. 2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations.").

Here, the Step II grievance respondent expressly determined that the grievance was untimely and duplicative, making only an alternative finding on the merits of the claim. Similarly, the Step III grievance administrator found that the grievance contained multiple unrelated healthcare issues, and, before reaching the merits, expressly ruled that Plaintiff should have raised his claims in separate grievances under MDOC policy. Even though the Step III administrator ultimately reached the issues, this review did not waive the procedural default because it was a separate and alternative holding apart from the determination of the procedural default. *See Harris v. Reed*, 489 U.S. 255, 264 & n.10 (1989); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004); *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991); *Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Consequently, because it was not properly exhausted, Grievance No. MCF-05-05-00372-12d did not serve to exhaust any of Plaintiff's claims. Plaintiff's Motion for Reconsideration therefore will be denied.

## II.

For the foregoing reasons, Defendant Correctional Medical Services, Inc.; Raymond Gelabert, M.D.; Robert Migliorimo, M.D.; William Nelson, M.D.; Krishn Mohan, M.D.; Kent Filsinger, P.A.; and Donna Rohrs, P.A.'s Motion for Reconsideration Pursuant to W.D. MICH. L.CIV.R. 7.4 (Dkt. No. 51) is granted and Plaintiff Louie Austin's Motion for Reconsideration Pursuant to W.D. MICH. L.CIV.R. 7.4 (Dkt. No. 64) is denied. In granting the Defendants' Motion for Reconsideration and finding Plaintiff's final grievance to be unexhausted, the Court hereby dismisses Plaintiff's remaining Eighth Amendment claims against Defendants for failure to exhaust administrative remedies.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

A Judgment consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:
November 13, 2008

 /s/ Paul L. Maloney for
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE